UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**LEWIS SWIFT,**

        Plaintiff,

    v.                                   5:04-CV-899 (NAM/GJD)

**JOSEPH MAURO, DAVID BURGESS,
and STEVE BEAR**,

        Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

LAW OFFICE OF MARK DAVID BLUM              MARK DAVID BLUM, ESQ.
Post Office Box 82
Manlius, New York 13104
*Attorney for Plaintiff*

RORY A. MCMAHON                                        JOSEPH R. H. DOYLE, ESQ.
Corporation Counsel for the City of Syracuse           Assistant Corporation Counsel
233 East Washington Street
300 City Hall
Syracuse, New York 13202-1477
*Attorney for Defendants*

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM - DECISION AND ORDER

Recently, the Court held a final pre-trial conference and conferred with the parties regarding certain issues which surfaced as they prepared for trial. One matter, however, remains for the Court to address. Defendants, Joseph Mauro, David Burgess, and Steve Bear, have moved *in limine* asking the Court to preclude plaintiff from offering any testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving them. *See* Dkt. 113, Mem. of Law at 1. Plaintiff did not respond to the motion. For the reasons that follow below, defendants' motion is

GRANTED. The basis for defendants' motion is threefold. First, defendants contend that any such testimony is irrelevant to the issues to be tried in the instant case. *See* Dkt. 113, Mem. of Law at 2. Second, defendants assert that even if the Court were to deem such testimony relevant, the Court should nonetheless preclude it: plaintiff's only purpose for offering such testimony would be to prove that defendants acted in conformity with such previously alleged incidents of wrongdoing in contravention of Rule 404(b) of the Federal Rules of Evidence. *Id.* at 3. Third, defendants argue that the Court should preclude such testimony because the danger of unfair prejudice it poses to them substantially outweighs its probative value. *Id.* at 4.

As to the relevance of the testimony, defendants submit that they provided plaintiff with discovery responses identifying the individuals who have filed complaints against them. Defendants further submit that the City of Syracuse investigated all such complaints and determined that the complaints amounted to either minor traffic incidents or that they were unfounded. *Id.* at 2. Defendants concede that if a *Monell*-related claim pursuant to 42 U.S.C. § 1983 were pending, then testimony concerning prior civilian complaints, internal affairs division reports, or notices of claim would be relevant. The parties, however, stipulated to, and the Court approved, the dismissal of all *Monell*-related claims against the City of Syracuse, the City of Syracuse Police Department and the defendants in their official capacities. *See* Dkt. 80; Dkt. 81. Absent such a claim, defendants contend that testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving them is not particularly relevant to plaintiff's claim of excessive force because the testimony is not related to whether plaintiff's allegations are true. *See* Dkt. 113, Mem. of Law at 3.

Rule 402 of the Federal Rules of Evidence states that "all relevant evidence is admissible." Relevant evidence means evidence "having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would have been without the evidence." FED. R. EVID. 401.  It appears that the City of Syracuse found the complaints to be without merit or deemed them to be minor traffic incidents, *i.e.*, not even remotely on a par with the pending claim of excessive force, and there is nothing before the Court that contradicts defendants' characterization of the City of Syracuse's dispositions of the complaints.  Where civil complaints "contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found 'too tenuous to [even] allow for discovery,' " *Reyes v. City of New York*, 2000 WL 1528239, at *1, (S.D.N.Y. Oct. 16, 2000) (quoting *Katt v. New York City Police Dep't*, 1997 WL 394593, at *3-4 (S.D.N.Y. July 14, 1997), let alone admission at trial.  The Court agrees that the testimony in question is not related to the truthfulness of plaintiff's allegations and that the probative value is slight.  *See Hiep v. Clark*, 1996 WL 509669, at *1 (S.D.N.Y. Sept. 9, 1996); *Berkovich v. Hicks*, 922 F.2d 1018, 1021-22 (2d Cir. 1991) (explaining that the exoneration of defendant police officer on all of the charges in seven prior civilian complaints, except one involving abusive language, significantly diminished the complaints' probative value).[1]  The Court finds that the preclusion of testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving defendants is appropriate on the basis of lack of relevance.

Even assuming *arguendo* that the testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving defendants were relevant, defendants contend that the Court should nevertheless preclude the testimony.  Defendants submit that the only purpose for

---

[1] In *Berkovich*, the Second Circuit upheld the district court's denial of full discovery of seven prior civilian complaints against a police officer charged with the use of excessive force.  In reaching its determination, the Second Circuit also noted the plaintiff knew the details of the most egregious complaint but did not have access to the names of the victims and witnesses to conduct an independent investigation.  922 F.3d at 1022.  Here, defendants' discovery responses identified the individuals who filed complaints against defendants and thus at least afforded plaintiff the opportunity to conduct his own investigation.

3

plaintiff to offer such testimony would be to prove that defendants acted in conformity with the acts alleged in the civilian complaints or notices of claim. Rule 404(b) of the Federal Rules of Evidence provides in pertinent part that, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  Again, there is no suggestion that the testimony in question would detail conduct sufficiently similar to the alleged conduct at issue in this case to merit its admission. *See Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (finding it an abuse of discretion to admit a prior citizen complaint if it were not "sufficiently similar to the conduct at issue).  The Court finds that preclusion of testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving defendants is also appropriate under Rule 404(b) of the Federal Rules of Evidence.

Defendants also argue that the Court should preclude the testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving defendants because the danger of unfair prejudice it poses to them substantially outweighs its probative value. Rule 403 of the Federal Rules of Evidence provides in pertinent part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  "[T]o be admissible, [prior complaints against the officers] . . . must pertain to events similar to the events in the instant case." *Vukadinovich v. Zentz*, 995 F.2d 750, 755-56 (7th Cir. 1993).  As the Court noted above, the probative value of the testimony in question is rather thin and pertains to prior complaints that arose from dissimilar events.  The Court finds that preclusion of testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving defendants is also

4

appropriate under Rule 403 of the Federal Rules of Evidence.

WHEREFORE, after careful consideration of the record and the applicable law, and based upon the foregoing, it is hereby

ORDERED, that defendants' motion *in limine* asking the Court to preclude plaintiff from offering any testimony regarding prior civilian complaints, internal affairs reports or notices of claims involving defendants (Dkt. 113) is GRANTED.

Date:  July 7, 2008
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge